[891 NYS2d 857]

# Welcome Realty, Appellant, v Elyse Arnold, Respondent.

Supreme Court, Appellate Term, First Department, November 17, 2009

APPEARANCES OF COUNSEL

*Rose & Rose*, New York City, for appellant. *Legal Aid Society*, New York City (*Steven Banks* and *Douglass J. Seidman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Order, dated January 7, 2009, reversed, without costs, and tenant's motion denied. Execution of the warrant of eviction shall be stayed for 30 days from service of a copy of this order with notice of entry.

The parties entered into a stipulation of settlement resolving an illegal use holdover proceeding, a proceeding premised upon the arrest of tenant's adult daughter inside the stabilized apartment for significant drug offenses. The stipulation provided for entry of a possessory judgment in favor of landlord and the issuance of a warrant of eviction, with execution of the warrant stayed for a probationary period. Paragraphs one and four of the stipulation permitted landlord to execute upon the warrant (without a hearing) if tenant's daughter "visit[ed] or [was] seen" in the apartment during the probationary period, provided that landlord served on tenant's attorney a notice of default accompanied by a statement by a specified assistant district attorney confirming, in a manner outlined in paragraph four, that the daughter had visited or was seen inside the demised apartment.

Landlord subsequently served on tenant's attorney a notice of default alleging, among other things, that tenant's daughter had entered the apartment on two occasions during the probationary period. The notice was accompanied by an affirmation from the specified assistant district attorney corroborating, in the manner specified by the stipulation, the allegations in the notice that tenant's daughter had entered the apartment.

Landlord established both that tenant substantially violated the terms of the stipulation and the applicability of the provision of the stipulation that permitted landlord to evict tenant (without a hearing) based on allegations in the notice of default that were corroborated by the assistant district attorney. Therefore, as agreed upon by the parties in the stipulation, landlord was entitled to execute upon the warrant.

That the presence of tenant's daughter within the building premises may have constituted a violation of the literal terms of paragraph two of the stipulation, which required tenant to use her "best efforts" to prevent her daughter from entering the building premises in general, does not diminish tenant's documented breach of the apartment ban unambiguously set forth in paragraph one or otherwise trigger the hearing provisions contained elsewhere in the stipulation relating to the daughter's building-wide ban. Adoption of tenant's contrary contention would essentially read out of existence the detailed provisions of paragraphs one and four of the stipulation authorizing tenant's eviction, without a plenary hearing, upon a breach of paragraph one, and run afoul of the basic precept of contract construction that courts should "avoid an interpretation that would leave contractual clauses meaningless" (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]; *150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [2004]).

McKeon, P.J., Shulman and Hunter, JJ., concur.